[Cite as *Reznickcheck v. N. Cent. Correctional Inst.*, 2010-Ohio-1412.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN J. REZNICKCHECK

Plaintiff

v.

NORTH CENTRAL CORRECTIONAL INSTITUTION, et al.

Defendants
Case No. 2008-09961

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶ 1} On January 22, 2010, the magistrate issued a decision recommending judgment for defendants.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On February 8, 2010, plaintiff filed his objection which challenges the factual findings made by the magistrate.[1]

{¶ 3} Civ.R. 53(D)(3)(b)(iii) states: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing

objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

{¶ 4}   Inasmuch as plaintiff's objection pertains to factual findings made by the magistrate, plaintiff is required to support his objection with a trial transcript or affidavit. See *Baddour v. Rehab. Serv. Comm.*, Franklin App. No. 04AP-1090, 2005-Ohio-5698, ¶ 25-26.  Plaintiff's failure to file a transcript or affidavit leaves the court unable to review the alleged error raised in his objections.  Accordingly, to the extent that plaintiff objects to factual findings made by the magistrate, plaintiff's objection is OVERRULED.

{¶ 5}   At all times relevant, plaintiff was an inmate in the custody and control of the Ohio Department of Rehabilitation and Correction (DRC) at the North Central Correctional Institution (NCCI) pursuant to R.C. 5120.16.  Plaintiff's claims arise out of his participation in a building maintenance apprenticeship program beginning January 24, 2007.  Plaintiff asserts that he was dismissed from the apprenticeship program as a result of a poor performance evaluation and that NCCI and DRC committed a breach of an "employment contract" that he had executed with defendants.  Plaintiff also asserts that the magistrate erred in finding that his claims of "educational malpractice," discrimination, and violations of R.C. 5120.40 and DRC policy 57-EDU-07 were without merit.

{¶ 6}   The court notes that the magistrate found that plaintiff had not presented the court with any written agreement or other documentation to establish that he had entered into a contract with defendants.  Furthermore, the relationship between an inmate and DRC is custodial, not contractual.  *Hurst v. Dept. of Rehab. & Corr.* (Feb. 17, 1994), Franklin App. No. 93AP-716.  Moreover, the magistrate correctly determined that defendants are entitled to discretionary immunity for claims that plaintiff was denied

---

[1]On March 1, 2010, plaintiff filed a document which the court construes as a motion to accept additional evidence.  Attached to plaintiff's motion is an unauthenticated copy of a purported

access to certain learning materials. See *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70; *Bell v. Wolfish* (1979), 441 U.S. 520, 547.

{¶ 7} Upon review of the record, the magistrate's decision and plaintiff's objection, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objection is OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Randall W. Knutti                          John J. Reznickcheck, #348-163
Assistant Attorney General                 Toledo Correctional Institution
150 East Gay Street, 18th Floor            2001 East Central Avenue
Columbus, Ohio 43215-3130                  Toledo, Ohio 43608

AMR/cmd
Filed March 11, 2010
To S.C. reporter March 30, 2010

---

apprenticeship agreement. Upon review, plaintiff's motion is DENIED.